IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINO ROSSI,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>  Defendants. | Case No.: |

## DECLARATION OF CHRISTIAN ZIERHUT

I, Christian Zierhut, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am a consultant for VALENTINO ROSSI. I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of VALENTINO ROSSI including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge, except where otherwise stated.

1

3. Plaintiff VALENTINO ROSSI is an Italian citizen residing in the UK.

4. VALENTINO ROSSI is widely considered one of the greatest professional motorcycle racers of all time and has won nine Grand Prix World Championshiops. He has ridden with the number 46 his entire career. He is the owner of the Sky Racing team by VR|46 which debuted in the Moto 3 category of Grand Prix motorcycle racing in 2014.

5. VALENTINO ROSSI is the official source of VR|46 products.

https://www.vr46.com/en/



6. VALENTINO ROSSI is the owner of the VR|46 Trademark including U.S. Trademark Registration No. 3,499,157.

7. The above registration for the VR|46 Trademark is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the VR|46 Trademark is attached hereto as <u>Exhibit 1</u>.

8. The VR|46 Trademark is distinctive and identifies the merchandise as goods from VALENTINO ROSSI.

9. The VR|46 Trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125 (c)(1), and has been continuously used and never abandoned.

10. VALENTINO ROSSI has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the VR|46 Trademark. As a result, products bearing the VR|46 Trademark are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from VALENTINO ROSSI.

11. The success of the VR|46 brand has resulted in its significant counterfeiting. Consequently, VALENTINO ROSSI is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. VALENTINO ROSSI has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and Aliexpress, including the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Internet Stores"), which were offering for sale, selling, and importing counterfeit products in connection with counterfeit versions of VALENTINO ROSSI federally registered VR|46 Trademark (the "Counterfeit VR|46 Products") to consumers in this Judicial District and throughout the United States. Despite VALENTINO ROSSI's enforcement efforts online, Defendants have persisted in creating the Defendant Internet Stores.

12. I perform, supervise, and/or direct investigations related to Internet-based infringement of the VR|46 Trademark. Our investigation shows that Defendants are using the

3

Defendant Internet Stores to sell Counterfeit VR|46 Products from foreign countries such as China to consumers in the U.S. and elsewhere. I, or someone working under my direction, analyzed each of the Defendant Internet Stores and determined that Counterfeit VR|46 Products were being offered for sale to the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the price at which the Counterfeit VR|46 Products were offered for sale and other features commonly associated with websites selling counterfeit products. Defendants offered shipping to the United States, including Illinois. Defendants and their websites do not conduct business with VALENTINO ROSSI and do not have the right or authority to use the VR|46 Trademark for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as <u>Exhibit 2.</u>

13. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine VR|46 Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Amazon and PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. VALENTINO ROSSI has not licensed or authorized Defendants to use its VR|46 Trademark, and none of the Defendants are authorized retailers of genuine VR|46 Products.

14. Upon information and belief, Defendants also deceive unknowing consumers by using the VR|46 Trademark without authorization within the content, text, and/or meta tags of their web sites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for VR|46 Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine VR|46 Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

15. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

16. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit VR|46 Products for sale in the

5

Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit VR|46 Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, VR|46 user-defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

17. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

18. Counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as Amazon and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of VALENTINO ROSSI's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

6

19. Monetary damages alone cannot adequately compensate VALENTINO ROSSI for ongoing infringement because monetary damages fail to address the loss of control of and damage to VALENTINO ROSSI reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to VALENTINO ROSSI reputation and goodwill by acts of infringement.

20. VALENTINO ROSSI's goodwill and reputation are irreparably damaged when the VR|46 Trademark is used on goods not authorized, produced, or manufactured by VALENTINO ROSSI. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to VALENTINO ROSSI's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

21. VALENTINO ROSSI is further irreparably harmed by the unauthorized use of the VR|46 Trademark because counterfeiters take away VALENTINO ROSSI's ability to control the nature and quality of products bearing the Counterfeit VR|46 Trademark. Loss of quality control over goods bearing the Counterfeit VR|46 Trademark and, in turn, loss of control over our reputation is neither calculable nor precisely compensable.

22. The sale of Counterfeit VR|46 Products bearing the Counterfeit VR|46 Trademark also causes consumer confusion, which weakens VR|46 brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit VR|46 Products they have purchased originated from VALENTINO ROSSI will come to believe that VALENTINO ROSSI offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine Counterfeit VR|46

7

Products, resulting in a loss or undermining of VALENTINO ROSSI reputation and goodwill.

23. VALENTINO ROSSI is further irreparably damaged due to a loss in exclusivity. The VR|46 Products are meant to be exclusive. VALENTINO ROSSI's extensive marketing and distribution of VR|46 Products as part of its event sponsorship and other marketing activities are aimed at growing and sustaining sales of VR|46 Products. The VR|46 Trademark is distinctive and signifies to consumers that the products originate from VALENTINO ROSSI and are manufactured to VALENTINO ROSSI high quality standards. When counterfeiters use the VR|46 Trademark on goods without VALENTINO ROSSI's authorization, the exclusivity of VR|46 products, as well as VALENTINO ROSSI's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

24. VALENTINO ROSSI will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2020.

/s/ Christian Zierhut